IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. LEATH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-3483-CV-S-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits and Supplemental Security Income to Plaintiff Michael J. Leath in a decision dated April 22, 2011 (Tr. 18-21). The Appeals Counsel denied review. Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481. For the reasons set forth below, the decision of the Commissioner of Social Security is **REVERSED and REMANDED** for further evaluation consistent with this opinion.

**BACKGROUND**

The operative facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Based on the evidence presented in the record and the hearing testimony of the claimant, the ALJ determined that Leath suffered from the severe impairments of cervical spine fracture *status post surgery*; lower extremity fracture *status post*

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this suit.

*surgery*; major depressive disorder; generalized anxiety disorder; and a history of alcohol abuse in remission (Tr. 20). The ALJ found, however, that none of Leath's impairments met or medically equaled a listing. The ALJ determined that Leath retained the physical Residual Functional Capacity (RFC) to perform a full range of light work, but with restrictions on pushing and pulling with the upper extremities, and on frequent or repetitive overhead reaching (Tr. 24). Regarding his mental impairments, the ALJ found that Leath was capable of performing jobs that involve a simple routine or simple repetitive tasks, but could not sustain a high level of concentration, or a job with sustained precision or attention to detail. The ALJ further determined that Leath should not work in jobs requiring fast paced activities, strict production quotas, deadlines, or schedules, and he should have no unusual changes in the work setting. In determining the claimant's physical RFC, the ALJ found Leath's subjective complaints not credible. The ALJ also found that Leath could not perform any of his past relevant work, but that jobs exist in significant numbers in the national economy that Leath could perform. Thus, the ALJ found that Leath had not been under a disability as defined in the Social Security Act (Tr. 18-29).

In this appeal, Leath argues that the ALJ committed reversible error by formulating Leath's RFC without any supporting medical evidence and by discounting Leath's credibility regarding his subjective complaints.

## LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

### ANALYSIS

Plaintiff argues that the ALJ erred in assessing the claimant's Residual Functional Capacity (RFC), and in finding claimant's testimony not credible (Doc. 16). The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and agrees with Plaintiff that the ALJ's failure to obtain and consider a medical opinion in assessing Plaintiff's RFC was reversible error.

Generally, the claimant is responsible for providing the evidence the agency will use in determining an individual's RFC. The agency, however, is tasked with developing a claimant's complete medical history and arranging for consultative examinations if necessary.

20 C.F.R. § 404.1545. Indeed, it is the duty of an ALJ to "fully and fairly" develop the record. *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (citing *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983)). Moreover, an individual's RFC is a "medical question" that must be supported by some evidence from a medical professional. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). To properly assess a claimant's RFC, the ALJ "should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Hutsell*, 259 F.3d at 712. The assessment of a state-level single decisionmaker is not a medical opinion. *See Reichenback v. Astrue*, 2012 WL 4049009 *9 (E.D. Mo. September 13, 2012).

    Here, the only opinion appearing in the record regarding Plaintiff's physical abilities is that of a single decisionmaker at the state level, Sarah Lemons (Tr. 181-87). The record contains progress notes of the physicians who treated Plaintiff for his neck and arm injuries and results of laboratory and diagnostic tests. But, the only opinion regarding the claimant's physical abilities is that prepared by Lemons. As stated above, her assessment is not a medical opinion. An RFC calculation *must* be supported by some medical evidence. Aside from Lemons' assessment, the record contains no medical opinions regarding the claimant's physical limitations.[2] The ALJ was under a duty to fully develop the record so it contained the opinions necessary to properly determine the claimant's physical RFC. The ALJ could have sought the opinion of one of the claimant's treating physicians as to Leath's physical functional limitations, or could have ordered an examination and functional assessment by a consulting physician. It was error for him to determine the claimant's physical RFC without a supporting

---

[2] The record contains two opinions, from David Van Pelt, Psy.D. and D. Paul Dobard, MD, regarding the claimant's *mental* impairment and functional abilities.

medical opinion.

Because the Court cannot determine on the basis of the evidence in the record whether the ALJ's RFC calculation is supported by some medical evidence, the Court remands the case to the Commissioner for expansion of the record to include the opinion(s) of medical sources as to Plaintiff's physical RFC, and for subsequent recalculation of Plaintiff's physical RFC. As a result, the ALJ will also be required to re-evaluate the claimant's credibility based on the properly-supported physical RFC.

## CONCLUSION

Based upon a thorough review of the record, the Court finds the ALJ's physical RFC calculation is not supported by substantial evidence on the record as a whole. Accordingly, the decision of the Commissioner of Social Security should be reversed.

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **REVERSED AND REMANDED** for further development of the record and reassessment of the claimant's physical RFC.

**IT IS SO ORDERED.**

**DATED: June 24, 2013**

    /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**